IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Safelite Group, Inc., | : | |
| Plaintiff | : | Civil Action 2:12-cv-00536 |
| v. | : | Judge Sargus |
| Zurich American Insurance Company, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**Discovery Dispute Conference Order**

On March 8, 2013, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge. Plaintiff's counsel presented the court with two related disputes: defendant Aon's assertions that it would be burdensome to (1) answer plaintiff's requests for admission numbers 1, 4-5, 7-8, 10-11. 13-14. and 16-20 and (2) produce additional ESI responsive to plaintiff's document requests. Defendant Aon's counsel agreed to attempt to resolve an additional dispute, the format of document production, by identifying where each document begins and ends and by producing ESI in native format.

Defendant Aon's counsel represents that in Spring 2010 his client transitioned from Lotus Notes to Microsoft Outlook. Many of the emails plaintiff seeks come from 2009 or earlier. When this lawsuit was filed, Aon distributed a preservation order to its affected employees. Subsequently, it produced more that 1,300 pages of documents.

However, plaintiff's counsel asserted that many relevant emails or other electronically stored documents from 2009 and before were not produced.

Defendant Aon's counsel represented that all the additional documents plaintiff seeks from 2009 are available only on back-up tapes using Aon's legacy Notes system. Further, since this lawsuit involves events that began in late 2007 and continued through 2012, numerous back-up tapes may have to be restored. There were at least five Aon employees during that period who may have knowledge of disputed material facts. Aon does not perform backup tape restoration in-house. A third party vendor will likely charge $500 for each tape restored. If 50 months of tapes are involved, it would cost at least $25,000 to restore them. It would take a minimum of one month to restore the tapes.

Defendant Aon's counsel maintains that once the backup tapes are restored, it will be difficult to find search words that do not dredge up large amounts of irrelevant documents and privileged communications. The cost of having an outside firm perform the search process is likely to exceed $50,000. If the searches are performed in-house, it will require significant time and attention from Aon's in-house legal staff.

The above information was not communicated to plaintiff's counsel until March 1, and counsel did not have an opportunity to consult in an attempt to resolve the issues raised by the letter before the March 7 discovery dispute conference. Accordingly, I will defer further addressing the ESI related issues raised by plaintiff until counsel for the parties have had an opportunity to meet and confer.

It is counsel's goal for Aon's IT specialist(s) most familiar with the transition from Lotus Notes to Microsoft Outlook and with where active business ESI at the time of the transition was preserved and is now stored, whether any of the information sought may still reside in easily accessed and/or active data, and how ESI on backup tapes can be accessed and plaintiff's counsel's IT specialists to meet and discuss these issues during the period ending March 21. Counsel will then meet and confer to determine whether they can resolve the two disputes raised by plaintiff's counsel during this discovery dispute conference. Failing to do so, they will call my office (614.719.3370) to schedule another conference to resolve the remaining issues.

s/ Mark R. Abel
United States Magistrate Judge
